**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO

80 F Street, N.W.
Washington, D.C. 20001

*Plaintiff*,

v.

FEDERAL LABOR RELATIONS
AUTHORITY

1400 K Street, NW
Washington, DC 20424

*Defendant.*

CIVIL ACTION NO. 26-cv-04163

**COMPLAINT**

## PRELIMINARY STATEMENT

1. Plaintiff American Federation of Government Employees, AFL-CIO ("AFGE" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the United States Federal Labor Relations Authority ("FLRA" or "Defendant") to disclose documents requested pursuant to FOIA. Specifically, AFGE is seeking records of communications and meetings with then-nominee Charles Arrington.

2. These documents will shed light on the Mr. Arrington's potential conflicts of interest and statements regarding FLRA cases and his later performance as a Member of FLRA.

3. To date, Defendant has wrongly withheld documents responsive to Plaintiff's FOIA request and has wrongly denied Plaintiff's appeal. Plaintiff has exhausted all administrative remedies.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

6. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff American Federation of Government Employees, AFL-CIO, is a labor organization and unincorporated association headquartered in Washington, DC. AFGE is the largest union of federal workers. AFGE represents federal civilian employees through its affiliated councils and locals in every state in the United States and the District of Columbia. AFGE is dedicated to fighting for dignity, safety, and fairness of the job for its members, and promoting efficiency and the improvement of government service so that government can more effectively serve the American people.

9. Defendant FLRA is an independent federal agency that administers the labor-management relations program for federal employees worldwide. FLRA an agency of the United States under 5 U.S.C. § 552(f)(1). FLRA is headquartered in Washington, DC.

10. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. Defendant's refusal to provide Plaintiff with the records requested is a violation of FOIA.

## STATEMENT OF FACTS

*Charles Arrington and the FLRA*

11. On May 6, 2025, Charles Arrington was nominated to be a Member of the FLRA.[1]

12. On December 18, 2025, over the objections of AFGE and other labor advocates, Mr. Arrington's nomination was confirmed by the Senate.[2]

13. On January 6, 2026, Mr. Arrington was sworn in as a Member of the FLRA.[3]

14. Immediately before serving as a Member of FLRA, Mr. Arrington was employed as Acting Principal Deputy Assistant Secretary for Administration and Operations & Deputy Chief Human Capital Officer at the Department of Health and Human Services ("HHS").

15. During the first Trump Administration, Mr. Arrington served as Labor Relations Chief in the Department of Veterans Affairs ("VA").

16. According to Mr. Arrington's own public biography, listed on FLRA's website, "During this time, he served on the [VA]'s Negotiation team during negotiations on the largest federal contract in the history of the United States between the VA and the American Federation of Government Employees."[4]

17. The negotiation Mr. Arrington helped lead, though, was the subject of arbitration, and two federal arbitrators determined that VA engaged in several bad faith tactics, including by insisting to impasse on permissive subjects; delaying responses and failing to provide

---

[1] *Nominations Sent to the Senate*, White House (May 6, 2025), https://www.whitehouse.gov/presidential-actions/2025/05/nominations-sent-to-the-senate-8b5f/.
[2] Press Release, Fed. Lab. Rels. Auth., Charles Arrington Sworn in as an Authority Member of the FLRA (Jan. 7, 2026), https://www.flra.gov/system/files/documents/260107%20-%20Press%20Release%20-%20Charles%20Arrington%20sworn%20in%20as%20FLRA%20Member_0.pdf.
[3] *Id.*
[4] *Charles Arrington*, Fed. Lab. Rels. Auth., https://www.flra.gov/about/flra-leadership/charles-arrington (last visited Nov. 19, 2026).

information pursuant to valid information requests; and engaging in a course and conduct of bad faith surface bargaining.

18. The FLRA provides crucial oversight for a broad array of federal labor relations issues. The FLRA investigates labor-related allegations such as retaliation for union activity or unlawful refusals to bargain. It has the authority to review labor arbitrators' decisions in certain cases. And it resolves complaints about unfair labor practices.[5] Mr. Arrington's association with bad faith negotiations at VA raises questions about his ability to effectively oversee these operations.

*AFGE's FOIA Request*

19. Because of its concerns about Mr. Arrington's potential conflicts of interest and his role as a leader of FLRA, AFGE submit a FOIA request ("AFGE's FOIA Request") to FLRA on July 30, 2026.

20. AFGE sought the following documents:

    a. All emails sent or received by Member Charles Arrington, or by any member of his office staff, to or from any email address ending in @va.gov, or to or from any employee, agent, representative, or official of the Department of Veterans Affairs.

    b. All communications, as defined in the Definitions section above, sent or received by Member Charles Arrington, or by any member of his office staff, to or from any employee, agent, representative, or official of the Department of Veterans Affairs.

    c. All calendar entries, meeting records, visitor records, and call logs reflecting meetings, telephone calls, or video conferences between Member Arrington and

[5] *Mission*, Fed. Lab. Rels. Auth., https://www.flra.gov/about/mission (last visited Nov. 19, 2026).

any employee, agent, representative, or official of the Department of Veterans Affairs.

d. All records of communications as defined in the Definitions section above between Member Arrington and any person outside the FLRA concerning any pending or contemplated case, negotiability appeal, exception to an arbitration award, unfair labor practice matter, general statement of policy or guidance, or representation matter, before the Authority in which the Department of Veterans Affairs is or would be a party, including but not limited to matters in which AFGE or any AFGE affiliate is or would also be a party.

e. All records of communications as defined in the Definitions section above between Member Arrington and any person outside the FLRA concerning any case, negotiability appeal, exception to an arbitration award, unfair labor practice matter, or representation matter pending before the Authority in which AFGE or any AFGE affiliate is a party.

f. For the period May 1, 2025 through January 6, 2026, all communications as defined in the Definitions section above between Charles Arrington and any FLRA Member, the Chairman's office, or FLRA staff, concerning his nomination, pending or anticipated Authority cases, or Authority policy.

21. AFGE requested a waiver of search, review, and duplication fees for its request, explaining that the requested material would "contribute significantly to public understanding of the operations of the FLRA in several ways. In particular, the request may assist in determining whether an Authority Member who previously served as a management negotiator for the

Department of Veterans Affairs is communicating with officials of an agency that is a frequent party in matters pending before him."

22. FLRA assigned AFGE's FOIA Request tracking number # 87.

23. On August 27, 2026, the agency responded to AFGE's FOIA Request, granting the request in part and denying it in part.

24. FLRA included a redaction log, which declared that the agency was withholding "emails between Charles Arrington and any FLRA Member, the Chairman's office, or FLRA staff concerning Mr. Arrington's nomination, dated 5/1/25 –1/6/26" under Exemption 5 (Deliberative Process Privilege) and Exemption 6 (Privacy).

25. AFGE challenged these withholdings in an administrative appeal ("AFGE's Appeal") that was submitted via certified mail, per the agency's regulations. According to the agency's online portal, AFGE's Appeal was received on October 20, 2026.

26. On November 10, 2026, FLRA responded to AFGE's Appeal, denying AFGE's appeal and continuing to assert that it could withhold the specified documents under Exemption 5 and Exemption 6.

27. As AFGE has exhausted its administrative remedies, this matter is now ripe for litigation.

**COUNT ONE**

***Unlawful Withholding of Agency Records***

28. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

29. Defendant has unlawfully withheld records responsive to Plaintiff's FOIA Request.

30. Defendant has wrongly and improperly claimed that withheld information in these documents is exempt under 5 U.S.C. § 552(b)(5) and 5 U.S.C. § 552(b)(6).

31. Plaintiff has exhausted all applicable administrative remedies under 5 U.S.C. §552(a)(6)(C)(i).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on November 24, 2026.

/s/ *Ginger McCall*________
Ginger McCall
DC Bar # 1001104
ginger@freeinformationgroup.com

Kevin H. Bell
DC Bar # 90015600
kevin@freeinformationgroup.com
FREE INFORMATION GROUP, PLLC
1100 13th St. NW, Ste. 800
Washington, DC 20005
(202) 946-3642

Rushab B. Sanghvi (D.C. Bar No. 1012814)
Andres M. Grajales (D.C. Bar No. 476894)
American Federation of Government
Employees, AFL-CIO
80 F Street, N.W.
Washington, D.C. 20001
Tel: (202) 639-6426
SanghR@afge.org
Grajaa@afge.org

*Attorneys for Plaintiff*